KARA L. JASSY, Bar No. 198846
kjassy@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA  90071
Telephone:    213.443.4300
Fax No.:        213.443.4299

Jeffrey J. Mann, Bar No. 253440
jmann@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:    925.932.2468
Fax No.:        925.946.9809

Attorneys for Defendant
WALMART, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNEE THORNTON,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART, INC., WALMART FACILITY #1575, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.<br><br>Butte County Superior Court Case No.: 20CV01492<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO PLAINTIFF SHAWNEE THORTON AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WALMART INC. ("Defendant") hereby removes the above-titled action from the Superior Court of the State of California for the County of Butte to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332(a), based on complete diversity of

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

citizenship and, specifically, on the following grounds.

## I. JURISDICTION

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different states and the amount in controversy exceeds $75,000 (exclusive of interest and costs).

## II. VENUE

2. This action was originally filed in California Superior Court, County of Butte, and arises from alleged conduct that occurred within the Eastern District of California. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1391(a) because a substantial part of the acts alleged in the Complaint are alleged to have occurred within the Eastern District of California.

## III. PLEADINGS, PROCESS AND ORDERS

3. This action arises out of Plaintiff SHAWNEE THORNTON'S ("Plaintiff") alleged employment with Defendant in the Eastern District of California.

4. On May 22, 2019, Plaintiff filed an unverified Complaint in the Superior Court of the State of California for the County of Butte, entitled *SHAWNEE THORNTON v. WALMART, INC, WALMART FACILITY #1575, STEVEN WARRANT, RYAN PICK, DAVID MUTUNGO and DOES 1-50, inclusive* (hereinafter, "Complaint"). The Complaint asserts three (3) causes of action, as follows: (1) Wrongful Termination in Violation of Public Policy; (2) Gender Discrimination and Harassment in Violation of FEHA; and (3) Retaliation in Violation of FEHA. *See* Declaration of Jeffrey Mann In Support of Notice to Federal Court of Removal ("Mann Decl.") ¶ 2, Ex. A.

5. On September 1, 2020, Plaintiff served Defendants' Agent for Service of Process with the Summons and Complaint, along with the Civil Case Cover Sheet, Alternative Dispute Resolution Packet, and Notice of Assignment and Case Management Conference.

6. On October 1, 2020, Walmart filed an Answer to Plaintiff's Complaint, generally denying Plaintiff's allegations and asserting various defenses. *See* Mann Decl. ¶ 3, Ex. B.

7. On January 20, 2021, Plaintiff filed a Request for Dismissal to voluntarily dismiss

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2

NOTICE OF REMOVAL TO FEDERAL COURT

1  individual defendants Steven Warren, Ryan Pick, and David Mutungo, from the Action. The Butte County Superior Court entered the dismissal the same day. *See* Mann Decl. ¶ 4, Ex. C.

8. The Complaint also names as defendants "DOES 1-50, inclusive." *See* Complaint ¶ 3. However, Defendant is informed and believes and, on that basis, alleges that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint.

9. The remaining documents filed by the parties in Butte County Superior Court are attached to the Declaration of Mann as Exhibit D.

10. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders served upon Defendant or filed or received in this action by Defendant to date. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in California Superior Court, County of Butte. *See* Mann Decl. ¶ 7.

**IV.   NOTICE TO THE COURT AND PARTIES.**

11. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal from State Court to Federal Court will be filed contemporaneously with the Clerk of the Court for the California Superior Court, County of Butte, and a copy will be served on Plaintiff's counsel of record. *See* Mann Decl. ¶ 8.

**V.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANT**

12. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship between the real parties to this action and the fact that the amount of controversy exceeds $75,000. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. 28 U.S.C. § 1332(d).

   **A.   Plaintiff Is A Citizen Of California**

13. At the time Plaintiff commenced this action and at the time of removal, Plaintiff alleged she worked in Butte County, California. Complaint ¶ 1. The most recent home address Plaintiff provided to Walmart during her employment was in Oroville, California. Therefore,

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3                                          NOTICE OF REMOVAL TO FEDERAL COURT

Plaintiff was domiciled in, or a resident of, the State of California, and for removal purposes, Plaintiff is a citizen of California.

### B. Defendant Is A Citizen Of Delaware and Arkansas

14. Walmart Inc. is incorporated in the State of Delaware. Moreover, Walmart Inc.'s corporate headquarters and principal place of business, *i.e.*, the "nerve center" where Walmart Inc. performs executive and administrative functions, are located in Arkansas. Consequently, Walmart, Inc. is not a citizen of California; rather, it is a citizen of Delaware and Arkansas.

### C. Plaintiff Has Voluntarily Dismissed the Non-Diverse Defendants

15. On January 20, 2021, Plaintiff voluntarily dismissed the non-diverse individual defendants Steven Warren, Ryan Pick, and David Mutungo from the Action, and Plaintiff has not served or named any of the fictitiously named defendants, nor has Plaintiff identified or served "WALMART FACILITY #1575."

16. Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Arkansas, complete diversity of citizenship exists here and this element of the Court's original jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a).

## VI. ACCORDING TO PLAINTIFF'S COMPLAINT, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

18. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, it is readily apparently that Plaintiff's claims place into controversy an amount well in excess of $75,000.

19. Although the Complaint does not allege a specific amount in controversy, it can be ascertained based on Plaintiff's claims and allegations that the amount in controversy does, in fact, exceed $75,000, exclusive of interest and costs. Plaintiff asserts three (3) causes of action, as follows: (1) Wrongful Termination in Violation of Public Policy; (2) Gender Discrimination and

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

NOTICE OF REMOVAL TO FEDERAL COURT

Harassment in Violation of FEHA; and (3) Retaliation in Violation of FEHA. *See* Complaint, ¶¶ 14-19, 20-24, and 25-30. The total amount of damages Plaintiff seeks and the total amount implicated by these forms of relief clearly exceed the sum of $75,000, exclusive of interests and costs.

### A. Plaintiff's Claim For Lost Wages Places Over $75,000 In Controversy

20. Plaintiff alleges that, as a result of Defendants' alleged actions, she has suffered "substantial losses in income, earnings, and benefits." *See* Complaint, ¶¶ 22 and 28.

21. If Plaintiff prevails on her termination and/or retaliation claims, she potentially could recover the amount she would have earned up through the date of trial, including any benefits or pay increases, plus any future pay and benefits. *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2016); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970); Labor Code §§ 1105 and 98.6.

22. At the time Plaintiff's employment ended on or about August 5, 2018, she was paid at the rate of $15.71 per hour. Based on Defendant's records, Plaintiff was a full time employee and worked an average of 40 hours per week. If Plaintiff were to recover back wages from August 5, 2018 to trial in March 2022 – eighteen months from when Defendants were served – Plaintiff could seek approximately $88,069.76 in lost wages ($15.71/hr. x 40 hrs. x 186 weeks), not including the value of overtime and employment benefits.

### B. Plaintiff's Claim For Emotional Distress Damages Also Places Over $75,000 In Controversy

23. In addition to economic damages, Plaintiff seeks to recover non-economic damages for her alleged severe emotional distress. *See* Complaint, ¶¶ 23 and 29. An award of damages for emotional distress alone can exceed the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (noting that an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial"); *see also Perez v. Baxter Healthcare Corp.*, 2012 WL 5373468 (C.D. Cal. Oct. 31, 2012) (in disability discrimination and failure to accommodate claim, emotional distress damages plus combined with $25,851.78 in

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5

NOTICE OF REMOVAL TO FEDERAL COURT

back pay exceeded the amount in controversy requirement); *Glenn-Davis v. City of Oakland*, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (awarding $400,000 in emotional distress in a failure-to-promote employment discrimination case); *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding, "the cases still demonstrate that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence, as there was in the instant case, that the plaintiff suffered heightened mental anguish"). Accordingly, Plaintiff's claim for emotional distress damages alone places over $75,000 in controversy.

### C.  Plaintiff's Claim For Attorneys' Fees Further Increases The Amount In Controversy

24. Plaintiff also seeks an award of reasonable attorneys' fees. *See* Complaint, at Prayer for Relief.

25. When authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding the amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail). Plaintiff may recover attorneys' fees on her causes of action under FEHA because the FEHA authorizes awards of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code § 12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.

26. There is at least $75,000 in controversy for Plaintiff's attorneys' fees alone. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys'

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6

NOTICE OF REMOVAL TO FEDERAL COURT

fee awards in FEHA cases.  See *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less).

27. In *Tiffany v. O'Reilly Automotive Stores, Inc.*, 2013 WL 4894307 (E.D. Cal. Sept. 11, 2013), the Court denied the plaintiff's motion to remand her action for disability discrimination and related causes of action.  The court reasoned that even though the plaintiff would only be entitled to $15,574 in back pay as of the date the action was removed, the Court stated: "More persuasive is the fact that, in this day and age, it is virtually inconceivable that a reasonably-compensated attorney could litigate a case for two years and through a ten-day trial for less than $27,280 in attorney fees . . . At $250 per hour, the jurisdictional amount would be reached in less than 110 hours." *Id*. at *4.

28. Thus, although Defendant denies that Plaintiff is entitled to prevail, let alone recover attorney's fees, Plaintiff's demand for attorneys' fees further increases the amount in controversy to an amount, more likely than not, to exceed $75,000.

**D.   Plaintiff's Claim For Punitive Damages Alone Places At Least $75,000 In Controversy**

29. In addition to economic and non-economic damages, penalties and attorneys' fees, Plaintiff also seeks to recover punitive damages. *See* Complaint, ¶¶ 19, 24, and 30.

30. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  A defendant may use damage awards in other cases to establish the amount in controversy.  *Simmons*, 209 F. Supp. 2d at 1033.  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  Additionally, employment discrimination cases have the potential for large punitive damages awards.  *Simmons*, 209 F. Supp. 2d at 1033.  Indeed, punitive damage awards have equaled as much as four times the amount of the actual damages award.  *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil, Co.*, 871 F.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

7    NOTICE OF REMOVAL TO FEDERAL COURT

Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334; see also, *Simmons*, 209 F. Supp. 2d at 1033 (citing employment discrimination cases involving punitive damages awards). Accordingly, although Defendant disputes the validity of any claim for punitive damages, for purposes of removal, Plaintiff's claim for punitive damages alone places at least $75,000 in controversy.

## VII. THIS NOTICE OF REMOVAL IS TIMELY

31. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3), because it was filed within 30 days of the Butte County Superior Court dismissing the individual defendants in this action on January 20, 2021.

## VIII. WRITTEN NOTICE OF THIS REMOVAL IS PROMPTLY SERVED ON PLAINTIFF AND THE STATE COURT.

32. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the California Superior Court, County of Butte. *See* Mann Decl. ¶ 8.

## IX. CONCLUSION

Based on the foregoing, this Court clearly has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and removal is therefore proper pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: February 12, 2021

/s/ Jeffrey J. Mann
KARA L. JASSY
JEFFREY J. MANN
LITTLER MENDELSON P.C.
Attorneys for Defendant
WALMART, INC.

4834-7773-6154.2

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468